J. S64007/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
            v.              :
                                          :
JULIO ORTIZ, Jr.,                 :           No. 738 MDA 2015
                                          :
              Appellant      :


Appeal from the PCRA Order, April 6, 2015,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0004586-2012


BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND FITZGERALD,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED DECEMBER 04, 2015**

Julio Ortiz appeals **_pro se_** from the order filed in the Court of Common Pleas of Berks County which dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

On November 26, 2011, during an altercation, appellant shot Adabell Marte-Ortiz three times in the legs.  Appellant was arrested and charged with criminal attempt -- criminal homicide; aggravated assault; firearms not to be carried without a license; recklessly endangering another person; and simple assault.[1]

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1) and (4), 2705, 2701(a)(1), and 2701(a)(3), respectively.

On April 9, 2013, appellant entered a guilty plea to one count of aggravated assault, a second degree felony, 18 Pa.C.S.A. § 2702(a)(4). In entering this plea, the Commonwealth withdrew the other charges including attempted homicide. Appellant indicated that he understood that the maximum permissible sentence for the aggravated assault charge was ten years in jail, plus a $25,000 fine. (Docket #10.) Appellant was sentenced on April 9, 2013, and received a sentence of five to ten years of incarceration. No post-sentence motions were filed within ten days of sentencing, and no direct appeal was filed.

On December 16, 2014, appellant filed a PCRA petition. Appellant argued that his sentence was illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Osmer Deming, Esq., was appointed as PCRA counsel. The PCRA court ordered Attorney Deming to file an amended PCRA petition. On February 26, 2015, Attorney Deming filed a *Turner*/*Finley*[2] "No Merit" letter and a petition to withdraw. (Docket #22.) On March 11, 2015, the PCRA court issued its Pa.R.Crim.P. 907(1) notice of intent to dismiss the petition without a hearing and granted the petition to withdraw. The PCRA court determined that it lacked jurisdiction and dismissed the petition on April 7, 2015.

On appeal, appellant raises one issue for our review:

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Pennsylvania v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

> IS THE APPELLANT'S SENTENCE A NULLITY IN LIGHT OF THIS COURTS [sic] RULING IN COMMONWEALTH V. NEWMAN IN WHICH THE MANDATORY SENTENCING STATUTES HAVE BEEN FOUND TO BE FACIALLY UNCONSTITUTIONAL?

Appellant's brief at 7.[3]

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287 (Pa. 2004). In addition, our supreme court has

---

[3] Curiously, appellant asserts that he:

> was sentenced to the mandatory statutes proscribed [sic] in 42 Pa.C.S.A. 7508, as he was charged with committing **a narcotics offense**. **Prior to sentencing, the Commonwealth sought, and received, the imposition of a mandatory sentence pursuant to statute**. The Petitioner [appellant] avers that this enhancement resulted in an illegal mandatory minimum sentence under the decisions rendered in Alleyne, Newman and Munday. As a result of this illegal sentence, the Petitioner [appellant] avers that his case must be remanded for resentencing.

Appellant's brief at 10 (emphasis added).

Appellant was not charged with committing a "narcotics offense" under 42 Pa.C.S.A. § 7508. Nevertheless, this court believes that this was a mistake on appellant's part. We have reviewed the record and located a Memorandum of Law in support of appellant's PCRA petition which correctly couches the issue in terms of the crimes with which he was actually charged. We will address this appeal as though the issue was accurately stated by appellant in his ***pro se*** brief rather than dismiss the appeal summarily based on what was obviously an inadvertent error.

instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); *Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

In this case, appellant's PCRA petition is facially untimely. Appellant entered his guilty plea and was sentenced on April 9, 2013. Since no appeal was filed, appellant's sentence became final on May 9, 2013, which was 30 days from the judgment of sentence. Appellant had one year from this date, or until May 9, 2014, to file a PCRA petition. Appellant filed his PCRA petition on December 16, 2014, which is more than seven months after the deadline imposed by the PCRA.

There are three narrow exceptions to the PCRA's timeliness requirements which are set forth in 42 Pa.C.S.A. § 9545:

> **(b) Time for filing petition--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the

> Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2).

The defendant has the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa.Super. 2008).

Appellant asserts that the exception found in 42 Pa.C.S.A. § 9545(b)(1)(iii) applies. He argues that "prior to sentencing, the

Commonwealth sought a sentencing enhancement for the use/display of a deadly weapon during the commission of the offense" and that "[p]ursuant to that request, the [sentencing] [c]ourt imposed a statutory maximum term of 5 to 10 years, with a [42 Pa.C.S.A. § 9712] enhancement." (Appellant's brief at 8.) Appellant avers that this resulted in an illegal mandatory minimum sentence under *Alleyne*.

Even apart from whether appellant can raise an illegality of the sentence issue in an untimely PCRA petition, we do not agree that appellant was sentenced under the mandatory minimum statute at 42 Pa.C.S.A. § 9712. Contrary to appellant's assertion, the Commonwealth did not file a notice of intention to seek a mandatory minimum sentence. Appellant's written paperwork makes no reference to a mandatory minimum sentence. A mandatory minimum sentence was not discussed or mentioned during appellant's guilty plea colloquy. Moreover, reviewing the guilty plea and sentencing transcript, there is no indication that the trial court took the statutory mandatory minimum sentencing term into account as a factor in sentencing appellant. Rather, the trial court noted that appellant entered a guilty plea to aggravated assault, a second degree felony, 18 Pa.C.S.A. § 2702(a)(4).[4] (Guilty plea and sentencing notes of testimony, 4/9/13 at 9.) The trial court indicated that the sentence was "based upon the plea

---

[4] The maximum sentence for conviction of this offense is ten years, plus a $25,000 fine. 18 Pa.C.S.A. § 1103(2).

agreement" and stated: "[t]o the degree that it's above the guidelines, that is the reason for that." (***Id.***)

The sentence was the product of a negotiated plea agreement which included a specific minimum sentence. The trial court accepted the plea agreement and imposed a sentence consistent with the agreement's terms. Further, the five to ten-year sentence was within the statutory limits for a second-degree felony crime. Because the trial court did not impose a mandatory minimum sentence in this case, appellant's claim that his sentence is illegal is baseless.

As appellant's PCRA petition is clearly untimely and appellant has failed to plead and prove the applicability of any exception to the PCRA's time-of-filing requirements, the PCRA court lacked jurisdiction to consider the merits of appellant's issues and did not err in dismissing appellant's petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2015